## 11657

## WILLIAMS v. WOLFE

### (126 S. E., 41)

1. LANDLORD AND TENANT—PROPERTY IN CUSTODY OF LAW IN CLAIM AND DELIVERY PROCEEDINGS NOT SUBJECT OF LEVY UNDER DISTRESS WARRANT.—Property in custody of the law, in claim and delivery proceedings, is not subject of levy under distress warrant.

2. LANDLORD AND TENANT—LANDLORD'S RIGHT TO INSIST ON PAYMENT OF RENT BEFORE REMOVAL OF PROPERTY NOT DEPENDENT ON ACQUISITION OF LIEN THEREON.—Under Civ. Code 1922, § 5283, landlord's right to insist on payment of rent before removal of property does not depend on his acquisition of lien upon property.

3. LANDLORD AND TENANT—TENANT COULD NOT REMOVE PROPERTY AT TIME WHEN LANDLORD COULD ENFORCE PAYMENT OF RENT BY DISTRESS, THOUGH DISTRESS WARRANT WAS NOT LEVIED.—Under Civ. Code 1922, § 5283, tenant could not remove property from premises at time when landlord was entitled to enforce payment of rent by distress, though distress warrant was not levied at such time.

4. LANDLORD AND TENANT—RENT ASSUMED DUE AT EXPIRATION OF LEASE, IN ABSENCE OF SHOWING TO CONTRARY.—It will be assumed that rent was due at expiration of lease, in absence of showing to the contrary.

5. LANDLORD AND TENANT—LANDLORD HELD ENTITLED TO 6 MONTHS IN WHICH TO LEVY DISTRESS, WHERE TENANT HELD OVER.—Where the rent was due at expiration of lease, and tenant held over, landlord, under Civ. Code 1922, § 5287, had 6 months thereafter in which to levy distress.

Before SHIPP, J., Orangeburg, April, 1921. Reversed and remanded with direction.

Action by W. R. Williams against E. J. Wolfe. Judgment of the Magistrate Court for plaintiff was affirmed by the Circuit Court, and defendant appeals.

Code 1922, § 5283, referred to in the opinion, is as follows:

"No goods or chattels whatsoever, lying or being in or upon any messuages, lands or tenements, which are or shall be leased for life or lives, term of years, at will or otherwise, shall be liable to be taken by virtue of an execution or any pretense whatsoever, unless the party at whose suit the said execution is sued out shall, before the removal of such goods from off the said premises, by virtue of such execution or extent, pay to the landlord of the said premises, or his bailiff, all such sum or sums of money as are or shall be due for rent for the said premises at the time of the taking of such goods or chattels by virtue of such execution: *Provided,* the said arrears of rent do not amount to more than one year's rent; in case the said arrears shall exceed one year's rent, the party at whose suit such execution is sued out, on paying the said landlord or his bailiff one year's rent, may proceed to execute his judgment; and the Sheriff or other

officer is hereby empowered and required to levy and pay to the plaintiff as well the money so paid for rent as the execution money."

*Mr. John S. Bowman,* for appellant, cites: *Claim and delivery:* Code 1912, Sec. 3514. *Landlord's lien:* 1 McM., 194.

*Mr. L. A. Hutson* for respondent.

January 7. 1925.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is an action of claim and delivery instituted in a Magistrate Court of Orangeburg County. The property involved consisted of a lot of fodder, cotton seed and fertilizer, which had been left on certain premises belonging to the defendant, Wolfe, at the time the premises were vacated by the plaintiff, Williams, upon the expiration of his lease.

It appears that Wolfe had rented the premises to Williams for the year 1919 at a rental of $125. Williams went into possession under the lease. About June 1, 1919, Wolfe rented back from Williams two of the rooms in the dwelling house at the agreed rental of $50, which was credited upon the rent for the entire premises, $125, leaving $75 to be paid by Williams.

At some time during the year (the exact date does not appear) Williams left the premises. He had stored the property in dispute in an outhouse on the place and left it there when he moved off; none of it had been raised on the leased premises.

In January, 1920, Wolfe endeavored to get a settlement out of Williams for the balance of the rent claimed to be due, $75, but was unsuccessful. Williams made demand upon Wolfe for the property left by him on the place. Wolfe refused to deliver it upon the ground that he was holding it for the balance due on the rent. Williams then on February 5, 1920, instituted claim and delivery proceedings for the

property. The case for some reason was not tried until April 16, 1921, at which time the jury in the Magistrate Court returned a verdict in favor of Williams. Wolfe appealed to the Circuit Court, which, in an order by his Honor, Judge Shipp, affirmed the judgment of the Magistrate Court. From that order the defendant, Wolfe, has appealed. It should have been stated that on the day of the trial before the Magistrate the defendant, Wolfe, issued a distress warrant, and had it levied upon the property.

His Honor, the Circuit Judge, affirmed the judgment of the Magistrate upon the ground that under claim and delivery proceedings the property was in the custody of the law, and that it was too late then for the defendant, Wolfe, to issue and levy his distress warrant. He further held that a distress warrant must be levied while the relation of the landlord and tenant exists, or within ten days after it had ceased, and that for these reasons the landlord had acquired no lien upon the property.

1   We agree with the Circuit Judge upon the first proposition. It is unquestionably the law that property in *custodia legis* is not the subject of levy under distress warrant. We do not agree with him upon the second proposition.

The Circuit Judge has failed to pass upon the vital question in the case; that is, whether under Section 5283, Code of 1922, Williams was obliged to pay the balance of the rent $75 which the Circuit Court found as a fact was due before he could, under claim and delivery proceedings, remove the property from the premises.

2, 3   Under that section, which the Reporter will append in his report of the case, the right of the landlord to insist upon the payment of his rent, before the property shall be removed, does not depend upon his acquisition of a lien upon the property. The question is whether, at the time of the attempted sequestration, the landlord had the right to enforce payment of his rent by distress. The at-

tempted levy of the distress warrant on the day of the trial may, therefore, be entirely disregarded.

The second proposition announced by the Circuit Judge was that a distress warrant must be levied while the relation of landlord and tenant exists, or within ten days after it has ceased; with which, as stated, we do not agree. Under certain circumstances that may be true, but the present case does not present one to which that rule is applicable.

It does not appear when the rent was due, and it must, therefore, be assumed that it was at the expiration of the lease, December 31, 1919. If the principle announced by the Circuit Judge be true, as a distress warrant can only be issued for rent in arrears, and the rent was not in arrears until the expiration of the term, there never could be a warrant issued.

It does not distinctly appear when Williams personally left the premises. It is conceded that a barn on the place was filled with his produce. To that extent he was a tenant holding over after the expiration of his lease, and under Section 5287 of the Code of 1922, the landlord had six months in which to levy his distress.

We conclude that at the time the plaintiff seized the property under claim and delivery proceedings the defendant had the right to distrain for the unpaid rent, and that under Section 5283 it was incumbent upon the plaintiff to pay it before removing the property.

The following cases bear upon the subject, and more or less directly upon the questions considered: *Hamilton v. Reedy,* 3 McCord, 39. *Margart v. Swift,* 3 McCord, 378. *Blake v. De Liesseline,* 4 McCord, 496. *Ex parte Watson,* 3 Brev., 60. *Harris v. Clayton,* 1 McMul., 194. *Ayres v. Depras,* 2 Speers, 367. *Fife v. Irving* 1 Rich. 226. *In re F. W. Connor,* 12 Rich., 349. *Dawson v. Dewan,* 12 Rich., 499. *Sullivan v. Ellison,* 20 S. C., 481. *Brewster v. Mc-Nab,* 36 S. C., 274; 15 S. E., 233. *Malcomson v. Wappoo* (C. C.), 85 F., 907–912. *In re Bishop* (D. C.), 153 F.,

304; 36 C. J., 543. *Lichtenthaler v. Thompson,* 13 Serg. & R. (Pa.), 157; 15 Am. Dec., 581; 16 R. C. L., 1022. *Owens v. Wilson,* 58 Fla., 335; 50 So., 674; 138 Am. St. Rep., 117; 19 Ann. Cas., 267.

The plaintiff is entitled, upon payment of the rent due to the defendant, to recover the property in dispute.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court, with direction to sustain the defendant's appeal and dismiss the proceedings.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.