STATE ex rel. LENORA K. PARK v. H. T. POINDEXTER & SONS MDSE. COMPANY, a foreign corporation, and Honorable A. C. BROWN, as Justice of the Peace for the Second District of St. Lucie County, Florida, substituted in the place and stead of L. L. Maser.

7 So. (2nd) 452                    Special Division A
July 8, 1941            Rehearing Denied April 27, 1942

Wallace Sample, J. M. Sample, Jr., Raymond E. Ford, Walter M. Rogers, E. O. Denison, D. C. Smith, T. B. Ellis, Jr., and Errol S. Willes, for plaintiff in error.

L. O. Stephens, for defendants in error.

BUFORD, J.:

On writ of error, we review judgment in favor of respondents on demurrer sustained to alternative writ of prohibition.

The record shows that in a suit pending in a Justice of the Peace Court the plaintiff had propounded interrogatories to the defendant under the provisions of Section 2734 R.G.S., 4406 C.G.L. Defendant objected to answering interrogatories propounded. The Justice of the Peace over-ruled defendant's objections and ordered her to answer the interrogatories within ten days. She did not so answer and on the 29th day of August, 1940, on suggestion of plaintiff, rule nisi was issued to defendant to show cause within two days why she should not be adjudged in contempt for failure to comply with the order, supra.

At the appointed time defendant appeared and moved to discharge the rule nisi on two grounds, viz:

That the Justice of Peace was without jurisdiction to issue the rule; and that the petition was an insufficient predicate for the rule which isued contrary to the Rules of Practice. The Justice of the Peace orally denied the motion. Then defendant filed return in which she denied any actual knowledge of any order having been made by the Justice of the Peace over-ruling the objections filed by her to the interrogatories of discovery. And she further alleged that the rule was issued on the unsworn petition of counsel for plaintiff. She disavowed any purpose or attempt on her part to do anything in contempt of court. She alleged in effect that it was her understanding that a motion was pending filed by her counsel praying that the order requiring her to answer the interrogatories be rescinded and that she expected the court to act upon the motion to rescind before making the order requiring her to answer the interrogatories final.

She further alleged that the interrogatories propounded are each and all improper, fishing in character, and are not such as a party ought to be required to answer.

The Justice of the Peace announced, after hearing argument that he would rule in favor of the plaintiff but he entered no formal order or judgment. The record indicates that the Justice of the Peace had stated he would enter an order holding the defendant in contempt of court and, as penalty, would strike her denial of the plaintiff's cause of action and enter judgment against her for the amount claimed in the sworn statement of account filed in the cause, with interests and costs.

Thereupon defendant applied to the circuit court for writ of prohibition.

Alternative writ was issued.

Demurrer was interposed and sustained upon the ground that the defendant had adequate and complete remedy by appellate proceedings.

If the justice of the peace court had power to enter a judgment for contempt such as was threatened, it is by virtue of the provisions of Section 2734 R.G.S., 4406 C.G.L., which is as follows:

"In all causes in any of the courts of this State, the plaintiff may, at any time, after filing declaration, or the defendant, after filing plea, deliver to the opposite party, or his attorney, interrogatories in writing upon any matter as to which discovery may be sought, and require such party, or in case of a body corporate, any of the officers of such body corporate, within ten days, to file in the court in which the cause pending,

written answers under oath to such interrogatories.

"Such answers shall be evidenced against, but not for, the party making them.

"A failure to answer such interrogatories shall be deemed a contempt of court."

Plaintiff in error contends that the statute is not applicable to justice of the peace courts, because the plaintiff may only propound interrogatories after the filing of a declaration and the contention is that Section 3385 R.G.S., 5238 C.G.L., abolishes declarations in justice of the peace courts in cases of this sort and that no declaration being filed, the condition precedent to the right of filing interrogatories does not exist.

We cannot concur in this view.

We think that the statute, Section 4406, supra, applies where after pleading, which is adopted in lieu of a declaration, has been filed, and that the itemized statement in writing of plaintiff's claim against the defendant verified by affidavit, is the declaration required in cases coming within the purview of the statute, Section 5238, supra, in the justice of the peace court.

Baldwin's Century Edition of Bouvier's Law Dictionary defines "Declaration" as follows: "In Pleading. A specification, in a methodical and logical form, of the circumstances which constitute the plaintiff's cause of action."

In 21 R.C.L., page 482, Sec. 46, the text says:

"The word "declaration" is used to signify the pleading by which a plaintiff in a suit at law sets out his cause of action, as the word 'complaint' is in the same sense the technical name of a bill in chancery. Under modern practice and in many of the codes the

words are interchangeable inasmuch as the original distinctions have to a great extent been abolished."

In the case of Owens v. Wilson, et al., 58 Fla. 335, 50 Sou. 674, we said:

"A plea was interposed to the distress affidavit, which serves the office of a declaration, to the effect that the relation of landlord and tenant did not exist when the proceedings were commenced."

This was tantamount to holding that in distress proceedings the distress affidavit is the declaration.

And so we hold that the statement of account verified under oath, in cases of this sort, is the declaration and that after such declaration is filed the plaintiff may pursue the course of suing out interrogatories as authorized by Section 4406, supra.

It, therefore, follows that the alternative writ of prohibition in the court below was sustaining the demurrer and the circuit court committed no error in sustaining the demurrer because the record showed that the Justice of the Peace was not without jurisdiction to require the interrogatories to be answered. He might commit error in that regard but that error would be subject to correction in appellate proceedings and the Justice of the Peace cannot be prohibited from acting within the exercise of his jurisdiction, although there may have been indications that he would commit error in the exercise of that jurisdiction.

For the reasons stated, the judgment must be affirmed and it is so ordered.

Affirmed.

BROWN, C. J., WHITFIELD, and TERRELL, JJ., concur.

ADAMS, J., disqualified.