F. A. P. JONES, *Plaintiff in Error,* v. JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Defendant in Error.*

1. On a writ of error to an order granting a new trial in an action at law under the statute the only questions to be considered are those involved in the order granting the new trial.

2. A motion for new trial is addressed to the sound judicial discretion of trial courts, and where a trial court grants such a motion, the action in doing so is presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled principle of law has been violated.

3. The statute provides that a railroad company shall be liable for any damage done to persons by the running of cars or other machinery unless the company shall make it appear that its agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company, but this provision does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs than in any other issue. The statute casts upon the company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence to prevent the injury complained of.

4. When the trial court grants a motion for new trial and one of the grounds of the motion is that the verdict is not supported by the weight of the evidence, and it does not appear upon what ground the motion was granted, and there is conflicting testimony upon a material issue in the cause, the appellate court will not reverse the order where there is no palpable preponderance of evidence in favor of the verdict.

This case was decided by Division A.

Writ of Error to the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*A. H. King,* for plaintiff in error.

*Kay, Doggett & Smith,* for defendant in error.

WHITFIELD, J.—The plaintiff in error, F. A. P. Jones, recovered a judgment for personal injuries against the defendant in error. The court granted a motion for new trial, and the plaintiff took writ of error as authorized by section 1695 of the General Statutes.

The grounds of the motion for new trial are based upon the alleged insufficiency of the evidence to sustain the verdict, alleged errors in giving and refusing charges and the alleged excessive amount of the verdict.

The statute authorizing a writ of error to an order granting a new trial in an action at law provides that the court on such writ of error "shall review the said order;" therefore the only questions to be considered on this writ of error are those involved in the order granting the new trial. Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897.

The only error assigned here is the order granting the motion for new trial.

Motions for new trials are addressed to the sound judicial discretion of trial courts, and where trial courts grant such motions, their actions in doing so are presumed to be in accordance with the justice and merits of the case, unless the contrary appears by the record. An order of the trial court granting a new trial should not be disturbed by an appellate court, unless it appears affirmatively from the record that there has been an abuse of a sound judicial discretion, or that some settled

principle of law has been violated. Reddick v. Joseph, 35 Fla. 65, 16 South. Rep. 781.

A trial court should not grant a new trial on the ground that the verdict is not supported by the evidence where there is material conflict in the evidence unless the weight of the testimony so clearly preponderates against the verdict found, as to require its annulment in order to meet the demands of justice. But trial courts, of necessity, are vested with a discretion in granting or denying new trials. And where a new trial is granted on the ground that the evidence does not sustain the verdict in a case in which the evidence is conflicting upon a material issue, an appellate court will not reverse such order unless it is affirmatively and plainly made to appear from a clear and palpable preponderance of evidence in support of the verdict overturned, that the trial judge has abused the discretion with which he is vested in such cases, or that some settled principle of law has been violated. That the appellate court, from the showing made in the record before it, might not have granted a new trial had it acted in the first instance in the place of the trial judge, or that the appellate court would not under the same circumstances have disturbed a ruling denying the new trial, is of itself no reason to the appellate court for reversing an order of the trial judge granting a new trial. Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283 : Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994.

Section 3148 of the General Statutes provides that a railroad company shall be liable for any damage done to persons * * * by the running of the * * * cars or other machinery of such company, * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company.

This statute does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs than in any other issue. It casts upon the company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence to prevent the injury complained of. A. C. L. Ry. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318

A material issue in this case was whether the agents of the company had exercised all ordinary and reasonable care and diligence to prevent the injury, and the burden of proving the affirmative was on the company, an accident causing injury having been shown. Upon this material issue the testimony was more or less conflicting and there is no palpable preponderance of evidence in favor of the verdict. Under the rules above stated it cannot be said the trial judge abused the discretion vested in him, or violated a settled principle of law by granting a new trial. Even if this court would not have granted the new trial in the first instance, or would have sustained an order denying a new trial, the discretion of the trial judge in granting the new trial is not shown to have been abused, therefore the order will not be disturbed here on the evidence as it appears in the transcript.

As it does not appear upon which of the numerous grounds of the motion the order granting the new trial was based, and as the motion may have been granted on the ground that the verdict was not supported by the weight of the evidence, which under the circumstances of this case would not be reversible error, the order granting the new trial is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.