SAMUEL L. OWENS, AS ADMINISTRATOR OF THE ESTATE OF
H. D. OWENS, DECEASED, *Plaintiff in Error* v. CHANCEY
S. WILSON AND WILLIAM A. FULTON, *Defendants in
Error.*

1. Upon writ of error to an order granting new trial, the only
   questions to be considered are those involved in such order.

2. New trials may be granted in distress proceedings.

3. The cessation of the relationship of landlord and tenant does
   not destroy the statutory remedy by distress as to rent there-
   tofore accrued.

This case was decided by Division A.

Writ of error to the Circuit Court for Hernando
County.

The facts in the case are stated in the opinion of the
court.

*DaVant & DaVant,* for Plaintiff in Error;

*F. B. Cooglar,* for Defendants in Error.

COCKRELL, J.—This is a writ of error addressed to the
grant of a new trial upon verdict for the defendant in a
distress proceeding. Upon such a writ, unlike one di-

rected to a final judgment, the only questions to be considered are those involved in the order granting the new trial. Jones v. Jacksonville Electric Co., 56 Fla., 452, 47 South. Rep. 1.

It is insisted that distress proceedings are entirely regulated by statute and as the statute provides for appeals and is silent as to motions for new trials, such procedure is forbidden by implication. There may be authority for this position in some Code States, but we see no occasion for adopting such construction here. Our statute provides merely the manner and time within which such motions are to be made and does not prescribe or limit the class of actions where permitted. It is a wholesome and ancient method of correcting promptly and inexpensively errors that may creep into the rulings of the court or findings of the jury, and the silence of the statute does not inhibit its use.

A plea was interposed to the distress affidavit, which serves the office of a declaration, to the effect that the relation of landlord and tenant did not exist when the proceedings were commenced. Issue was joined upon this plea and was submitted to the jury, upon evidence in its support.

We think this plea tendered an immaterial issue, thus calling for a new trial. Jones v. Shomaker, 41 Fla. 232, 26 South. Rep. 191.

While at the common law it would seem that with the expiration of the landlord's title the right to distress ceased, yet in many respects writs of distress have been modified by statute and in this respect the right has been enlarged. The statute, General Statutes section 2240 gives the writ to "Any person to whom any rent or money for advances may be due." Again a lien is given to "Every person to whom rent may be due" * * * "Upon all property of the defendant." General Statutes Para-

graph 2237.   The question is whether the relation of landlord and tenant existed at the time the right of action accrued, not at the time the action began.   It has been held under similar statutes in Georgia and Texas, that the cessation of the relationship did not destroy the right to the writ.   Tyner v. Slappy, 74 Ga. 364; Meyer, Weis & Co. v. Oliver, 61 Texas 584.

It follows that the order be affirmed.

WHITFIELD, C. J., and SHACKLEFORD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.