DUNNELLON PHOSPHATE COMPANY, A CORPORATION, *Plaintiff in Error*, v. CRYSTAL RIVER LUMBER COMPANY, A CORPORATION, *Defendant in Error*.

1. Upon writ of error to an order granting a new trial, the only questions to be considered are those involved in such order.

2. Every presumption is in favor of the correctness of rulings made by the trial court, and this presumption of correctness and regularity attaches and applies with peculiar force to orders granting new trials.

3. To warrant an appellate court in disturbing an order of the trial court granting a new trial it must clearly appear either that there has been an abuse of a sound judicial discretion or that some settled principle of law has been violated.

4. Where the trial court grants a new trial upon the ground that the evidence is insufficient to support the verdict, and incorporates in such order his reasons for such ruling, it is with the ruling itself that an appellate court is called upon to deal, and not with the reasons given therefor. If the ruling is correct, it will not be disturbed because the trial court may have given a wrong or insufficient reason for its rendition.

Writ of error to the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Bisbee & Bedell,* for Plaintiff in Error;

*R. L. Anderson,* for Defendant in Error.

SHACKLEFORD, J.—Crystal River Lumber Company, a corporation, brought an action of trover against Dunnellon Phosphate Company, a corporation, whereby it was sought to recover damages for the conversion of chattels cut from standing trees which plaintiff claimed to own, on a large body of land which are described. The original declaration contained only one count, but it was amended so that it finally contained six counts, to which declaration the defendant filed a number of pleas, how many we are not informed, but by agreement of the respective counsel the case went to trial upon certain specified counts of the declaration and pleas. As one of such pleas was numbered twenty-five, we are warranted in assuming that at least twenty-five pleas were filed. A trial was had before a jury, which resulted in a verdict in favor of the defendant. Whereupon the plaintiff filed a motion for a new trial, which consisted of forty-eight grounds, the first two of which allege that such verdict is "contrary to law and the charge of the court" and "contrary to the evidence, against the weight of the evidence, and is without sufficient evidence to support it," while the remaining forty-six grounds are based upon the giving of certain instructions at the request of the defendant and the giving of certain portion of the general charge and the refusal to give certain requested instructions by the plaintiff and

the giving of certain instructions requested by the plaintiff with modifications, instead of as requested.  The court made an order granting such motion and awarding a new trial.  This order the defendant below has brought here for review by writ of error, in acordance with the provisions of Section 1695 of the General Statutes of 1906. The sole point presented for our determination is did the trial court err in making this order?  See Owens v. Wilson, 58 Fla. 335, 50 South. Rep. 674, 138 Amer. St. Rep. 117, 19 Ann. Cas. 267, wherein we said, in speaking of a writ of error addressed to the grant of a new trial upon a verdict for the defendant: "Upon such a writ, unlike one directed to a final judgment, the only questions to be considered are those involved in the order granting a new trial."  It is further true, as we held in Hainlin v. Budge, 56 Fla. 342, 47 South. Rep. 825, "Every presumption is in favor of the correctness of rulings made by the trial court, and this presumption of correctness and regularity attaches and applies with peculiar force to orders granting new trials."  In Chancey v. Williams, 56 Fla. 215, 47 South. Rep. 811, we said, "The power conferred upon us to review the grant of a new trial is a delicate one; and we have heretofore laid down the rules to govern us in its exercise," and, in support thereof, we cited the folowing authorities: Farrell v. Solary, 43 Fla. 124, 31 South. Rep. 283; Clary v. Isom, 55 Fla. 384, 45 South. Rep. 994; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1.  We would also refer to the discussion in Reddick v. Joseph, 35 Fla. 65, 16 South. Rep. 781; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Allen v. Lewis, 43 Fla. 301, 31 South. Rep. 286; Louisville & N. R. Co., v. Wade, 49 Fla. 179, 38 South. Rep. 49; Conner v. Elliott, 59 Fla. 227, 52 South. Rep. 729; Hobbs v. Cheney, 62 Fla. 214, 56 South. Rep. 554; Zachary v.

Georgia F. & A. Ry. Co., 62 Fla. 419, 56 South. Rep. 686. To warrant an appellate court in disturbing an order of the trial court granting a new trial it must clearly appear either that there has been an abuse of a sound judicial discretion or that some settled principle of law has been violated. In Nathan v. Thomas, decided here at the present term, we found that a new trial had been granted upon a specified ground of the motion, whereby a settled principle of law had been violated, wherefore we reversed the order. In Philadelphia Underwriters Ins. Co. of North America v. Bigelow, 48 Fla. 105, 37 South. Rep. 210, and Winn v. Coggins, 53 Fla. 327, 42 South. Rep. 897, in each of which cases a new trial was granted upon the ground of the insufficiency of the evidence to sustain the findings or verdict, we found, upon examination of the evidence, that there had been an abuse of a sound judicial discretion and accordingly reversed the order granting a new trial.

In the instant case the trial court granted the new trial upon the ground that the evidence was insufficient to support the verdict found for the defendant. The trial judge incorporated his order in an opinion wherein he set forth his views of what the evidence established and what principles actuated the jury in finding the verdict, giving his reasons therefor. In a later order such trial judge modified some of the views and reasons which he had expressed in his original order, but the order itself remained unchanged. We shall not set forth or comment upon the views and reasons of the trial judge. As we have several times held, we do not have to pass upon the reasoning at all, as it is with the ruling itself, and not with the reasons therefor that we have to deal. If the ruling is correct, it will not be disturbed because the court may have given a wrong or insufficient reason for its ren-

dition. See Smith v. Croom, 7 Fla. 180; McLeod v. Dell, 9 Fla. 427, text 439; Colcord v. Conroy, 40 Fla. 97, text 108, 23 South. Rep. 561, text 565; Reynolds v. Smith, 49 Fla. 217, text 225, 38 South. Rep. 903, text 906; Hoopes v. Crane, 56 Fla. 395, text 408, 47 South. Rep. 992, text 996; Murrell v. Peterson, 57 Fla. 480, 49 South. Rep. 31; Hartford Fire Insurance Co. v. Hollis, 58 Fla. 268, 50 South. Rep. 985; Bell v. Niles, 61 Fla. 114, 55 South. Rep. 392.

We have given all the evidence in this case a careful examination and after so doing we cannot say that it affirmatively appears therefrom that there was an abuse of the sound judicial discretion vested in the trial judge in setting aside the verdict of the jury and granting a new trial. See especially Jones v Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1. Having reached this conclusion, it necessarily follows that the order must be affirmed.

As there must be another trial of the case, we would call the attention of counsel as to what we said in Farnsworth v. Tampa Electric Co., 62 Fla. 166, 57 South. Rep. 233, as to the inadvisability and impropriety of requesting a large number of instructions.

Order affirmed.

WHITFIELD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.