LAKE HANCOCK & CLERMONT RAILROAD COMPANY, *Plaintiff in Error*, v. HARRY STINSON, BY HIS NEXT FRIEND, ROBERT E. STINSON, *Defendant in Error.*.

Opinion filed April 1, 1919.

1. An instruction that it is for the jury "to decide whether the plaintiff has made out his case or whether he has failed, or the defendant's evidence has overwhelmed that of the plaintiff or whether it has not" is prejudicial error.

2. Section 3148, General Statutes of 1906, does not create such a presumption as will outweigh proofs, or that will require any greater or stronger or more convincing proofs than in any question at issue. All that the Statute does is to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence.

A Writ of Error to the Circuit Court for Polk County; John S. Edwards, Judge.

Judgment reversed.

*W. A. Carter,* for Plaintiff in Error;

*Thomas Palmer,* for Defendant in Error.

BROWNE, C. J.—The Lake Hancock & Clearmont Railroad Company, by a writ of error, seeks to reverse a judgment for $8,250.00 obtained against it in the Circuit Court for Polk County in favor of Harry Stinson, a minor, by his next friend, Robert E. Stinson.

Harry Stinson was the only witness who testified in his behalf as to how the accident occurred. Against his testimony the defendant introduced four witnesses, each one of whom contradicted the testimony of the plaintiff in one or more material matters.

The only assignments of error which we need to discuss are those relating to the charges of the court. The first charge objected to is in this language: "Now, gentlement of the jury, the burden of proof is on the plaintiff in this case, that is, the plaintiff must prove to your minds by a preponderance of the evidence in the case that his claim upon which he is suing is a just one, that is, he must prove by a preponderance of the evidence that he is entitled to recover from the defendant before he can recover."

The inference that the jury might naturally have drawn from this charge was that if they considered the claim a "just" as distinguished from a legal one, plaintiff

was entitled to recover. The Standard Dictionary says that the word "just may apply in nearly all of its senses to either ethics or law, denoting something which is morally right and fair, and sometimes that which is right and fair according to positive law." Not every just claim is a legal claim that may be compensated for in damages.

The second charge complained of was as follows: "Gentlemen of the Jury: If you should find by a preponderance of the evidence that the plaintiff is entitled to recover, there is no known rule of law by which witnesses can give you the amount in dollars and cents, as the amount of injury, but this is left to the enlightened conscience of the enlightened jury. This does not mean that juries can arbitrarily enrich one party at the expense of the other, or that they should act unreasonably through mere caprice, but it authorizes you to give reasonable damages when the proof shows that the law authorized it, but the jury should exercise common sense and love of justice, and from a desire to do right, fix an amount that will fairly compensate for the injury received."

This charge is the same as that given in the case of Davis v. Central Railroad, 60 Ga. 329. The judgment in that case was affirmed upon other grounds discussed in the opinion, and the only reference to this charge was, "4. Love of justice! What a great love it is."

The third charge objected to contains a more serious error. The court charged the jury as follows: "You are the sole judges of the facts and weight of the evidence. It is for you to decide whether the plaintiff has made out his case or whether he has failed, or the defendant's evi-

dence has overwhelmed that of the plaineiff or whether it has not. The Court charges you that you are the sole judges in that."

There is no rule of law in this State, or any other that we are familiar with, that requires the defendant's evidence to "overwhelm" that of the plaintiff.

Section 3148 of the General Statutes, 1906, provides that "a railroad company shall be liable for any damage done to persons * * * by the running of the * * * cars or other machinery of such company * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company." This statute does not create such a presumption as to require overwhelming proof by the defendant to remove the presumption. Neither are the charges predicated on the principle laid down by the statute, which is controlling.

"The statute does not create such a presumption as will outweight proofs, or that will require any greater or stronger or more convincing proofs than in any other question at issue. All that the statute does is to cast upon the railroad company the burden of affirmatively showing that its agents exercised all ordinary and reasonable care and diligence." Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; S. A. L. Ry. v. Thompson, 57 Fla. 155.

In view of the testimony, and the amount of the verdict, we can not say that the errors in these charges were not prejudicial to the defendant, and the judgment is reversed.

WHITFIELD, ELLIS AND WEST, J. J., concur.