WATERS REALTY COMPANY, *Plaintiff in Error*, v. MIAMI TRIPURE WATER COMPANY, *Defendant in Error*.

En Banc.

Opinion filed July 22, 1930.

222

*Hudson & Cason*, for Plaintiff in Error;

*John M. Murrell* and *Chas. E. Davis*, for Defendant in Error.

ELLIS, J.—This case comes here upon a writ of error to an order granting a new trial.

The Waters Realty Company, a corporation, brought an action against Miami Tripure Water Company, a corporation, to recover compensation for services rendered in finding a purchaser of certain lands owned by the defendant which it is alleged the defendant employed the plaintiff to do at the price of $280,000 and agreed to pay the plaintiff for such service a sum equal to 5% of the purchase price.

The declaration contains four counts. The first and second are almost identical in language, except in the first count it is alleged that the defendant agreed that the plaintiff should have the exclusive right to sell the property, which allegation is omitted from the second count. The second alleges that the alleged purchaser "was interested in the purchase of said property," which allegation was omitted from the first count. These counts each set up two distinct causes of action each based upon an alleged contract. One was that the plaintiff was engaged to find a purchaser at a definitely stated price for a definitely stated

compensation for the service; the other was that the plaintiff produced a purchaser who was willing, able and ready to purchase if the purchaser and defendant could agree on a price and terms of sale, thereupon the defendant agreed to pay the plaintiff a sum equal to 5% upon such purchase price as should be agreed upon between him and the prospective purchaser produced by the plaintiff.

The third count is a sort of amplified count upon the *quantum meruit* and rests upon the proposition that although plaintiff was engaged to find a purchaser at the definite price of $280,000 for which service the defendant agreed to pay the definite sum of $14,000, yet as the defendant reduced the price of the land to $270,000 and then sold it to the purchaser which the plaintiff produced at the last named figure the defendant should pay to the plaintiff $13,500, or 5% of the sale price for the service rendered.

The fourth count is in the following words: "And also for work done by the plaintiff for the defendant at his request."

The last count is of no value whatsoever as a statement of a cause of action because it alleges no amount due or payable either by way of value of the service rendered or an express promise to pay a certain sum therefor.

The defendant demurred to the first three counts. The grounds of the demurrer which applied to all three counts were first that the alleged facts showed no liability from the defendant to the plaintiff and second that the allegations contained in the counts do now show that the "plaintiff earned the commissions therein claimed." The demurrer was overruled. The defendant pleaded to the fourth count that it "never was indebted in manner and form as is alleged in said count." It was a count in neither general nor special assumpsit.

Three pleas were then interposed to all the counts. First, never was indebted; second, never promised as alleged. The

third was a special plea which denied the promise to pay, that the plaintiff had the exclusive right to sell, and all other matters set out in the declaration. It then proceeded to aver an entirely different agreement existing between plaintiff and defendant from those set up in the three counts. The plea amounted merely to the general issue, because if the averments of the plea were true the plaintiff could not prove either cause of action set up in its declaration. The agreement set up in the plea was not either agreement set up in the declaration. So every averment of the plea was admissible under the general issue. On motion the plea was stricken and the parties went to trial.

There was a verdict for the plaintiff in the sum of $6,750, dated March 6, 1928, and judgment was entered. The verdict and judgment appeared only in the bill of exceptions. On March 9th, the defendant "filed its motion for a new trial." It contains twelve grounds among which were that the verdict was contrary to the evidence, the law, the charge of the court and because of error in giving certain instructions to the jury.

On April 4, 1928, the court after notice of hearing granted the motion for a new trial and the plaintiff took a writ of error presumably to the order granting a new trial as the only error assigned is the granting of the motion.

This Court has consistently held on a writ of error to an order granting a motion for a new trial that only such matters will be considered as are involved in the order. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 So. R. 1; Owens v. Wilson, 58 Fla. 335, 50 So. R. 674; Beverly v. Hardaway, 66 Fla. 177, 63 So. R. 702; Carney v. String-fellow, 73 Fla. 700, 74 So. R. 866.

The principle which controls the appellate court in reviewing an order granting a new trial was fully set forth in the case of Farrell v. Solary, 43 Fla. 124, 31 So. R. 283; and reaffirmed in many decisions. See Gulf Refining Co.

v. Howard, 82 Fla. 27, 89 So. R. 349. The principle is that the appellate court will not reverse such order unless it is affirmatively and clearly made to appear from a clear and palpable preponderance of evidence in support of the verdict set aside that the trial judge has abused the discretion with which he is vested in such cases or that some settled principle of law has been violated. Simply because an appellate court from the showing made in the record before it might not have granted the new trial had it acted in the first instance in place of the trial judge or because it would not under the same circumstances have disturbed a ruling denying such new trial furnishes no reason of itself to an appellate court for reversing an order of a trial judge granting a new trial. Farrell v. Solary, *supra.*

A stronger showing is required to reverse an order allowing a new trial than to reverse one denying it. See Ruff v. G. S. & F. Ry. Co., 67 Fla. 224, 64 So. R. 782; Aberson v. A. C. L. R. R. Co., 68 Fla. 196, 67 So. R. 44; Cheney v. Roberts, 77 Fla. 324, 81 So. R. 475; De La Vallina v. De La Vallina, 90 Fla. 905, 107 So. R. 339.

There was no abuse of discretion in granting the order in this case. The evidence was insufficient to support the declaration upon either theory set forth in the two first counts or the implied promise set out in the third count or attempted in the fourth. It is apparent from the declaration itself that the employment was to find a purchaser for $280,000 in consideration for which the defendant agreed to pay the plaintiff $14,000 but the plaintiff did not find a purchaser who was willing to buy at that price, but that it produced one who was willing to buy *if* the defendant and the prospective purchaser could agree upon price and terms of sale. Clearly that was no fulfillment of the terms of the contract. The service consisted merely in introducing a person interested as a possible buyer but left the matter of selling the land to the defendant, which consists of the

greater part of the service to be rendered in such employment. On that phase of the case there could be no recovery. The other phase of the transaction embraced in the two first counts. that the defendant agreed to pay the plaintiff $13,500 if it could agree with the prospective purchaser on a price and terms of sale finds little or no evidence in the record to support it. Nor was there any evidence so clearly preponderating in favor of the verdict as to render the judge's action in granting a new trial a clear abuse of discretion.

The objection that the motion for a new trial was not presented to the judge until after the expiration of four days from the date of the rendition of the verdict has no merit. The motion is required to be made in writing and filed in the court or placing it and the reasons therefor on the motion docket. See Sec. 2810, Rev. Gen. Stats. 1920 (Sec. 4497, Comp. Gen. Laws 1927) ; Koon v. State, 72 Fla. 148, 72 So. R. 673; Baxley v. State, 72 Fla. 228, 72 So. R. 677; Worrell v. Ford, 90 Fla. 571, 107 So. R. 183.

The same rule obtains in civil cases but that portion of the rule prescribed by statute authorizing the judge within four days after the verdict to extend the time for making and presenting within fifteen days a motion for a new trial does not apply where the motion is made in writing and filed in the court within four days or placing the motion and reasons therefor on the docket within that time.

The order granting a new trial is affirmed.

Terrell, C. J., and Whitfield, Strum and Buford, J. J., concur.

Brown, J., dissents.