DR. P. PHILLIPS, *Paintiff in Error,* v. GEORGE P. GARRETT, *Defendant in Error.*

147 So. 857.

Opinion filed April 17, 1933.

436

*Akerman & Akerman,* for Plaintiff in Error;

G. *Wayne Gray* and G. *P. Garrett,* for Defendant in Error.

ELLIS, J.—The plaintiff below, Doctor P. Phillips, obtained a verdict against George P. Garrett for the sum of nine hundred dollars in an action of covenant upon a lease of three rooms over 123 South Orange Avenue in Orlando, Florida. The breach alleged was the failure to pay monthly rental of one hundred dollars from June, 1928, to March, 1929. The lease is not made a part of the declaration although a copy of it is attached as an exhibit. The court, on motion of the defendant, set aside the verdict and granted a new trial, to which order the plaintiff took a writ of error.

The only questions to be considered by this court therefore are those involved in the order granting a new trial. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 Sou. Rep. 1; Owens v. Wilson, 58 Fla. 335, 50 Sou. Rep. 674; Beverly v. Hardaway, 66 Fla. 177, 63 Sou. Rep. 702; Carney v. Stringfellow, 73 Fla. 700, 74 Sou. Rep. 866; Cheyney v. Roberts, 77 Fla. 324, 81 Sou. Rep. 475.

A strong showing is required to reverse an order granting a new trial. Miami Transit Co. v. Mowrey, 103 Fla. 840, 138 Sou. Rep. 481; Carney v. Stringfellow, *supra.*

In the Miami Transit Co., case, *supra,* this Court approved the following language: "There are so many matters occurring in the course and progress of a judicial trial that, in the opinion of the Judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties, of necessity a large discretion should be accorded to the trial court in granting a new trial to the end that the administration of justice may be facilitated; and the appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that the law has been violated."

Approaching the consideration of this case from the viewpoint established by the doctrine announced in the decisions above cited, we find it impossible to discover any reason for disturbing the order of the trial court. ...

It is true that the case made by the declaration is very simple, but the issues injected into the case by the pleas render the case submitted to the judge very intricate and difficult. Aside from the usual grounds that the verdict was contrary to the law and evidence, there are eleven other grounds contained in the motion for a new trial, all relating to the charge of the court as to the rental value of the premises during the months for which the plaintiff sued for the rent claimed to be due under the terms of the lease, the measure of damages to be applied in the case and to the question whether plaintiff's efforts to rent the property during the period that it was vacant, for which the defendant was held for the full rental under the terms of the lease, were reasonable.

There were a large number of pleas. There were thirty-four pleas in the first batch. There was a motion to strike thirty of them and a demurrer to all of them. Eleven were

stricken and the demurrer sustained to eighteen of them. These orders left pleas numbered 2, 3, 4, 25 and 27. The defendant then by leave of court filed three amended pleas. A motion to strike those pleas was overruled but a demurrer to the third amended plea was sustained. That left five original and two amended pleas to the declaration. Then on motion portions of the second amended plea were stricken and the defendant was granted leave to interpose an "additional amended plea" in lieu of the "third amended" plea to which a demurrer was sustained. Then a demurrer to that plea was sustained. The defendant then filed an "amended additional amended plea." A demurrer and motion to strike this plea were overruled. Then replications were filed. Then an additional plea by the defendant at the trial.

From this war of words, this game of logomachy into which the fine art of pleading merged in this case, the trial court was expected in the busy moments of his court trials to ferret out the issues joined between the parties. It would require days of patient and sagacious effort to untangle the Gordian knot of complex sentences and ambiguous phrases. So after the trial apparently the court, realizing that the administration of justice could not be facilitated, perhaps never be attained by submitting that imposing array of words to the jury, decided that he would grant a new trial in the hope that the parties would get down to earth and present in less words the plain and simple issues of fact.

In the exercise of such discretion we are unable to say that justice has been prostituted or that the court's judgment is even subject to adverse criticism. It is true that whatever of fault existed was that of the defendant because the confusion was produced by his multiplicity of

lengthy pleas, and superficially justice would seem to require that he abide the consequences of his own rhetorical labors, but it is also true that lying somewhere under the overburden of language descriptive of evidentiary facts some questions of law may be found applicable to the case made by the declaration to which the court in charging the jury may not have given his usual careful attention.

The second plea, for instance, which is one of the few which escaped the plaintiff's motions to strike and demurrers, presents no issue. Never promised as alleged is not the general issue to an action of covenant. If the defendant wished to deny the execution of the deed in point of fact he should have pleaded *non est factum*. See Archbold's Nisi Prius 357. Even an alteration in the instrument that has the effect of avoiding it must be specially pleaded and may not be shown under the plea of *non est factum*. See Tedder v. Fraleigh-Lines-Smith Co., 55 Fla. 496, 46 Sou. Rep. 419. Rules 66 and 67 Rules of Circuit Courts Law Actions; Grand Lodge K. of P. v. State Bank, 79 Fla. 471, 84 Sou. Rep. 528; McCranie v. Cason, 79 Fla. 857, 85 Sou. Rep. 160.

What evidence was admitted under that plea it is impossible to state. If any regard whatever is to be paid to the science of pleading, by which both plaintiff and defendant in a law case are advised before coming to trial of what facts constitute the cause of action and defense, pleas such as the above cannot be tolerated because they introduce confusion into the trial and justice according to rule is frequently defeated and in its stead some fanciful and poetic but altogether vain idea of so-called substantial justice is set up.

Substantial justice is a vague and misleading term because its roots lie only in the mental vagaries of the persons

attempting to administer it and the growth is often an ugly and noxious weed representative of the untrained and erratic ideas from which it springs.

The fourth plea was bad because it did not amount to a plea of satisfaction and discharge. It did not state how discharge and satisfaction were obtained. Was it by payment or release? The plea does not inform the plaintiff. Sec. 4332 C. G. L. 1927, Par. 5. What facts were admitted under it in evidence cannot be stated.

The twenty-fifth plea set up the defense that the plaintiff had no interest in the action because he had assigned "his interest" in the lease prior to May, 1928, and was not at the time of the institution of the suit the owner of it.

The first amended plea set up the defense that the defendant abandoned the premises and the plaintiff accepted such abandonment, which was accomplished by act and operation of law and mutual agreement of the parties.

The second amended plea denied the plaintiff's title and set up that the defendant was merely a tenant at sufferance because the lease was void as between plaintiff and defendant because of lack of title in the former. Coupled with this defense was the substance of the defense set up in the first amended plea. The court struck out on the motion all portion of the plea relating to lack of title, but left in the plea other portions in which was set up in substance the same defense as contained in the first amended plea.

A replication was interposed to the first amended plea in which the plaintiff set up the evidentiary facts relating to the averred abandonment and acceptance, and alleged a reasonable effort to lessen the defendant's damage by a reasonable effort to lease the premises after defendant abandoned them.

An additional amended plea set up that because plaintiff accepted the keys to the premises returned to him by defendant when he surrendered possession, and the taking possession by plaintiff *and excluding defendant therefrom* for the balance of the term, the plaintiff accepted defendant's abandonment. Further that the defendant is entitled to credit in mitigation of damages in an amount equal to the reasonable rental value of the premises during the period for which he is sued for the rent under the lease. That plea went out on demurrer. So an "amended additional amended" plea was interposed setting up in substance the same defense, but demurrer and motion to strike to that plea were overruled.

The defenses thus seemed to be: first, the lease was not defendant's lease, covered by the third and twenty-seventh pleas; second, discharge and satisfaction (improperly pleaded); third, the plaintiff not the real party in interest; fourth, abandonment and acceptance by plaintiff of the premises, and fifth, a reasonable allowance by set-off or reduction of the plaintiff's claim on account of the rental value of the premises during the period of vacancy.

The defense attempted to be set up by the twenty-second plea relating to the legal effect of the eighth clause in the lease, whereby by reason of his voluntary surrender or abandonment of the premises defendant became merely a tenant at sufferance, is not good. It has no application to the conditions set up in the plea.

Many charges were requested by the defendant and refused and exception was duly taken. A charge requested by plaintiff and given was very ambiguous. It instructed the jury to find for the plaintiff if the jury should find that there had been no acceptance by him of the surrender of the premises or did not cancel the lease. The jury was

also instructed to find for the plaintiff if he had not assigned his interest in the lease. The confusion here is obvious. Should the jury find for the plaintiff if he had not assigned the lease, although he had accepted the defendant's surrender of the premises? The court also charged the jury without qualification that unless they found that the plaintiff had assigned the lease they should find for the plaintiff. The court's general charge was subject to some criticism in the matter of the rental value of the premises during the period for which the defendant was sued. The charge was on the evidence, the jury being told that the rental value was nothing so far as the evidence showed and if the jury should find for the plaintiff the verdict should be for nine hundred dollars.

On the subject relating to the amount, if any, by which the plaintiff's claim should be reduced because of the successful efforts, if any, of plaintiff to lease the premises, we hold that the plea setting up such defense was an affirmative plea which the defendant should have established by the evidence and the doctrine announced in the cases of Campbell v. McLaurin Inv. Co., 74 Fla. 501, 77 Sou. Rep. 277, and Hickson v. Barton, 77 Fla. 105, 80 Sou. Rep. 745, is reaffirmed. Whether the plaintiff is compelled by the doctrine that he should lessen the damages by letting the premises for a purpose to that for which he had leased to defendant, or accept tenants whose class of business entailed more expense or danger to the premises we do not decide, because the question does not arise in the case.

In reviewing the entire record we are unable to say that no other verdict than the one rendered could have been properly rendered under the pleadings and the facts disclosed by the evidence. Florida East Coast Ry. Co. v. Davis, 96 Fla. 171, 117 Sou. Rep. 842.

We affirm the order of the court because of the doctrine that it requires a strong showing that the court abused its discretion and a very clear case of injustice must be made out in the appellate court.

DAVIS, C. J., and WHITFIELD and BUFORD, J. J., concur.

TERRELL, J., agrees to the conclusion.