GULF COAST TITLE COMPANY v. W. B. WALTERS

170 So. 130.
Opinion Filed October 12, 1936.

*Alderman & Alderman, Sheppard & Clements,* and *Waller & Pepper,* for Plaintiff in Error;

*Charles Wilson Ward* and *David Elmer Ward,* for Defendant in Error.

ON EXTRAORDINARY PETITION FOR REHEARING.

BROWN, J.—Upon further consideration, I am of the opinion that the petition for rehearing in this case should be granted, and that upon such rehearing the question of whether or not the court erred in granting a new trial upon the ground stated in the order should be disposed of on its merits, after first giving counsel for the parties an opportunity to be further heard.

At common law, the right to take writ of error from an order granting a new trial did not exist. Such order was not considered a final judgment. The right to take such writ of error in this State exists solely by virtue of Section 4615 C. G. L. That part of the statute which is relevant here reads as follows:

"Upon the entry of an order granting a new trial at law, the party aggrieved by such order may, without waiting for a final judgment in the cause, prosecute a writ of error to the proper appellate court, which shall review the said order," etc.

In a long line of decisions this Court has held that where the record did not show upon which of several grounds of a motion for new trial the order granting it was based, such order would not be reversed unless it appeared that the order was not justified by any grounds of the motion.

The converse of this rule also applies. If the lower court in granting a motion for new trial states the ground or grounds upon which the motion is granted, then this court, which under the statute can only reverse the "order," is confined to either affirming or reversing the lower court upon the order as made.

Thus in the dissenting opinion of Mr. Justice BUFORD in Scott v. National City Bank of Tampa, 107 Fla. 818, 143

So. 444, which involved the legal question here in controversy, it was said:

"In Walters Realty Company v. Miami Tripure Water Company, 100 Fla. 221, text 224, 129 So. Rep. 763, this Court said:

" 'This Court has consistently held on a writ of error to an order granting a motion for a new trial that only such matters will be considered as are involved in the order. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 So. R. I.; Owens v. Wilson, 58 Fla. 335, 50 So. R. 674; Beverly v. Hardaway, 66 Fla. 177, 63 So. R. 702; Carney v. Stringfellow, 73 Fla. 700, 74 So. R. 966.'

"This enunciation has been followed by this Court in many cases and therefore it appears to me that it is necessary for us to here construe the provisions of the statutes above referred to and upon that construction alone base our order disposing of this case."

In the case at bar the lower court specifically pointed out the ground of the motion for a new trial on which the order granting the new trial was predicated. The first ground of the motion was that "The judgment is contrary to law." In its order granting the motion the court below stated that the order was granted "on the first ground of the motion in that petitioner's motion for non-suit should have been granted."

Upon rehearing, the question thus raised, as to whether the trial court erred in denying the motion for non-suit, should be disposed of on its merits.

I think the vast weight of our previous decisions requires this action.

In the case of Nathan v. Thomas, 63 Fla. 235, 58 So. 247, this court had before it a writ of error from an order granting a motion for a new trial which motion contained

eight grounds. The lower court had granted the motion on the eighth ground, and this court stated: "The only question presented is whether the court erred in sustaining this eighth ground of the motion."

In the case of Owens v. Wilson, 58 Fla. 335, 50 So. 674, this court said:

"This is a writ of error addressed to the grant of a new trial upon verdict for the defendant in a distress proceeding. Upon such a writ, unlike one directed to a final judgment, the only questions to be considered are those involved in the order granting the new trial. Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1."

The rule which has hitherto prevailed in this jurisdiction is clearly settled in the case of Wolfe v. City of Miami, 114 Fla. 238, 154 So. 196, where in the opinion by Mr. Chief Justice DAVIS it was said:

"It was always in order, before the statute permitting writs of error to orders granting new trials, to assign the erroneous granting of a motion for a new trial as error, when prosecuting a writ of error from an adverse judgment rendered after the second trial was had pursuant to the order granting a new trial.

"Therefore the review of an order granting a new trial has uniformly been limited to such matters, and to such matters only, as were involved in the order granting the new trial, as appealed from. Phillips v. Garrell, 109 Fla. 435, 147 South. Rep. 857; Scott v. National City Bank of Tampa, 107, Fla. 818, 139 Sou. Rep. 370, 147 Sou. Rep. 573. On writ of error to an order granting a new trial the appellate court can do no more than to 'review said order' as specifically provided by the statute. Sewell v. Sewell, 91 Fla. 982, 109 Sou. Rep. 98."

The case from which the foregoing quotation was made

was decided subsequently to the case of Scott v. National City Bank, and the writer of that opinion by citing the Scott case evidently considered that, properly understood, the Scott case was not in conflict with the well settled rule.

Such must have been also the view of the writer of the opinion in the Scott case, because the writer of that opinion who also wrote the opinion in the later case of Phillips v. Garrett, 109 Fla. 435, 147 So. 857, said in the latter case:

"The court, on motion of the defendant, set aside the verdict and granted a new trial, to which order the plaintiff took a writ of error. The only questions to be considered by this court therefore are those involved in the order granting a new trial. See Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 Sou. Rep 1. * * *"

And in City of Gainesville v. Kirkland, 116 Fla. 319, 156 So. 601, this Court speaking through Mr. Chief Justice WHITFIELD said:

"On writ of error to an order granting a new trial in a law action, the statute provides that the court 'shall review the said order.' The order is therefore the only matter to be adjudicated on the writ of error."

To like effect are the holdings in Vining v. The American Baker Co., 118 Fla. 572, 159 So. 670; Seaboard Oil Co. v. Chalk, 118 Fla. 383, 161 So. 841; McCain v. Talley, 119 Fla. 232, 161 So. 66; Beckwith v. Bailey, 119 Fla. 316, 161 So. 576. And in the case of Kahn v. American Surety Co., 120 Fla. 50, 160 So. 335, this court speaking through Mr. Justice TERRELL said:

"This Court indulges the presumption that when granted, motions for new trial are proper. The rule supporting such presumption is that there are so many matters occurring in the course and progress of a judicial trial that,

in the opinion of the judge who tried the case, may affect the merits and justice of the cause to the substantial injury of one of the parties that of necessity a large discretion should be accorded to the trial court in granting a new trial, to the end that the administration of justice may be facilitated. The appellate court will not reverse an order granting a new trial, unless it clearly appears that a judicial discretion has been abused in its exercise, resulting in injustice, or that some settled principle of law has been violated." Ruff v. G. S. & F. Ry. 67 Fla. 224, 64 So. 782.

It is well known that trial judges are not quick to grant new trials. Motions for new trials are not granted unless the trial judge is thoroughly convinced, either that the evidence is not sufficient to support the verdict, or that in the course of the trial some vital error has been committed. After a case has been tried before a jury, argued by the attorneys, charged by the trial judge, and a verdict rendered, the trial judge is not going to set that verdict aside and put the parties to the labor and expense of a new trial unless he has what to his mind constitutes a very good and sufficient reason for doing so. It is for this reason that this court has adopted the rule that a stronger showing must be made to this court to warrant the reversal of an order granting a new trial than is required to warrant the reversal of an order denying a new trial. It would be very helpful to this court if trial judges when granting a new trial would always state in their order the ground or grounds upon which the motion is granted, and the new court rules recently promulgated by this court so required. Sometimes motions for new trial contain numerous grounds and for this court to pass on all of them when perhaps the trial judge only considered one as having any merit is putting useless labor upon this court. It is therefore highly advis-

able that trial judges, whenever they grant a new trial, should state specifically in the order their reason or reasons for granting it; hence the new rule requiring this. Be that as it may, however, this court has long followed the principle that where the judge states in his order the ground upon which he grants the new trial, the Court can only review the order as made, and if the ground assigned is legally sufficient, the order will be affirmed, but if such ground is not, in the opinion of this Court, clearly sufficient in law, or in fact, as the case may be, to authorize the granting of a new trial, this Court cannot do otherwise than reverse the order.

The rehearing prayed for should therefore be granted.

WHITFIELD, C. J., and ELLIS, TERRELL, BUFORD, and DAVIS, J. J., concur.