BLUE & GRAY CAB COMPANY v. ANNETTA J. LOWE, *et vir*.

196 So. 425
En Banc
Opinion Filed May 21, 1940

*Casey, Walton & Spain,* for Plaintiff in Error;

*Robert C. Lane* and *Jackson K. Judy,* for Defendants in Error.

CHAPMAN, J.—This case is here on writ of error to an order granting a new trial made and entered by the Circuit Court of Dade County, Florida.

On July 4, 1938, Annetta J. Lowe, joined by her husband, Herbert Lowe, filed her declaration in six counts, with bill of particulars attached, claiming damages for injuries sustained for the negligent operation by the defendant, Blue & Gray Cab Company, of an automobile at the intersection of West Flagler Street and 12th Avenue, in the City of Miami, at 12:03 A. M., February 21, 1938. The defendant filed three pleas: (a) not guilty; (b) contributory negligence on the part of plaintiff; (c) denial by the defendant of the agency of the driver of the car. The case was submitted to a jury on the issues made by the six counts of the declaration and the defendant's three pleas, and after hearing all the testimony of the parties and instructions of the court upon the law of the case, the jury returned a verdict for the defendant below.

The record discloses that during the progress of the trial of the case counsel for the plaintiff below offered in evidence ordinances of the City of Miami prescribing certain duties of individuals operating motor cars at street intersections and the trial court sustained an objection of counsel for the defendant to the admission into evidence of the applicable ordinance to the street intersection where the collision oc-

curred. Likewise a proffer was made by counsel for the plaintiff as to the said ordinances and for the second time an objection was sustained thereto.

Counsel for plaintiff below seasonably filed a motion for a new trial and ground six thereof was that the lower court erred in sustaining defendant's objection to the introduction into evidence of certified excerpts of Ordinance No. 1898 of the City of Miami. The eighth ground of the motion was that the trial court erred in refusing to charge the jury on the doctrine of imputed negligence. It is reasonable to assume by a study of the transcript that the lower court granted the motion for a new trial made by the plaintiff below on grounds six and eight of the motion. While this conclusion is not reached by an examination of the order granting a new trial, but a recital in the record preceding the order justifies such a conclusion. It is, viz.:

"On the 21st day of February, 1939, at the term aforesaid, the said motion came on to be heard, at which time the following proceedings were had, viz.:

"Plaintiffs urged that the said motion for a new trial should be granted on the sixth and eighth grounds of their said motion for a new trial, and thereupon the court requested both plaintiffs and defendant to submit briefs on the said motion for a new trial. Thereupon the plaintiff, through their attorneys, filed a brief with the court, in which brief the only grounds of said motion which plaintiffs urged and argued, were grounds numbered six and eight of their said motion for a new trial. Thereafter defendant, through its attorneys, filed a brief with the court urging that the trial court had not erred as averred by plaintiffs in grounds numbered six and eight of said motion for a new trial. Upon consideration of said motion, the argument of counsel thereon, and the briefs filed by plaintiffs and defendant, the

court granted the said motion upon the sole ground that the trial court erred in sustaining defendants objection to the introduction of evidence by plaintiffs of certified excerpts of Ordinance No. 1858 of the City of Miami, Florida, Sec. 7, Sec. 9(b), Sec. 10, and sub-paragraph (b) of Sec. 10, and Sub-paragraphs 1, 2, 3 of Sub-paragraph (b) of Sec. 10, Sec. 11(b), Sec. 11(c), and Sub-paragraphs (a) and (b) of Section 21, of Article VI, of said City Ordinance No. 1858, and in refusing to permit and allow plaintiffs to introduce same in evidence. The ·defendant duly excepted to the ruling of the court in granting plaintiffs' motion for a new trial. The said order is recorded in Circuit Court Minutes No. 116, page 30, and said order is in the words and figures following."

It is established law in Florida that a motion for a new trial is addressed to the sound judicial discretion of the trial court. See Tampa Electric Co. v. Ferguson, 96 Fla. 375, 118 So. 211; Warner v. Goding, 91 Fla. 260, 107 So. 406. Stronger showing is required to reverse an order allowing a new trial than one denying it. See Ruff .v. George S. & F. R. Co., 67 Fla. 224, 64 So. 782; Walters Realty Co. v. Miami Tripure Water Co., 100 Fla. 221, 129 So. 763. A legal presumption exists that the new trial was by the trial court properly granted. See Carney v. Stringfellow, 73 Fla. 700, 74 So. 866. When a trial court grants a new trial, and the motion therefor contains several grounds upon which the order was based, it will be assumed that the trial court based the order on the ground or grounds that warrants it. See Aberson v. Atlantic Coast Line R. Co., 68 Fla. 196, 67 So. 44. Where the trial court grants a new trial upon grounds that the evidence is insufficient to support the verdict and incorporates in such order his reasons for such ruling, it is with the ruling itself that an appellate

court is called upon to deal and not with the reasons assigned for the ruling. If the ruling is correct, it will not be disturbed because the trial court may have given the wrong reason or insufficient reason for its rendition. See Dunnellon Phosphate Co. v. Crystal River Lbr. Co., 63 Fla. 131, 58 So. 786. The only questions to be considered by this Court are those involved in the order granting a new trial and the doctrine is established in this State that a strong showing is required to reverse such an order. See Motor Transit Co. v. Studstill, 129 Fla. 769, 176 So. 769; Phillips v. Garrett, 109 Fla. 435, 147 So. 857; Gulf Coast Title Co. v. Walters, 125 Fla. 427, 170 So. 130; Miami Transit Co. v. Mowrey, 103 Fla. 840, 138 So. 481.

The evidence shows that the plaintiff was seated on the left on the rear seat of a Lincoln sedan, traveling West at a lawful rate of speed on Flagler Street in the City of Miami, when the accident occurred. When the sedan was passing over West Flagler Street where the same intersects 12th Avenue, the defendant was traveling East on Flagler Street and desired to turn North on 12th Avenue. The trend of the plaintiff's testimony is that the defendant drove the car into and its car struck the rear left fender and wheel of the Lincoln sedan, thereby injuring the plaintiff. There is testimony in the record to the effect that the Blue & Gray Cab car struck the sedan on the west of the light on Flagler Street and at the time, it is contended, the Blue & Gray Cab car was violating the traffic ordinances of the City of Miami.

The defendant below offered evidence to show that the car in which plaintiff was riding when injured was being driven at an excessive rate of speed and at the intersection of Flagler Street and 12th Avenue, the brakes were applied which caused the car to skid and in so doing struck the car of the defendant, thereby causing the injury complained

of. It is clear that the ordinance offered by the plaintiff below controls the traffic at the place where the accident occurred and the lower court should have admitted the same for the consideration of the jury, along with the other testimony of the case. See Pillet v. Ershick, 99 Fla. 483, 126 So. 784; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; Clair v. Meriwether, 127 Fla. 841, 174 So. 591.

The trial court concluded that it erred in refusing to permit or allow the plaintiff below to introduce into evidence the ordinance of the City of Miami controlling the traffic at the place where the accident occurred. It is clear that it was his desire to correct this error and for this reason granted plaintiff's motion for a new trial. We fail to find error in this ruling.

The order granting the plaintiff's motion for a new trial is hereby affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, BUFORD and THOMAS, J. J., concur.