FUSSELL, CARROLL W., Associate Judge.
The City of Clearwater, defendant below, appeals from an order of the lower court granting a new trial specifying the giving of an erroneous instruction as the reason therefor.
The wife and husband were plaintiffs below in an action brought against the City of Clearwater by reason of injuries sustained to the wife’s leg when she stepped in a hole in a sidewalk in said city. Verdict was rendered for the plaintiffs and they moved for new trial, assigning six grounds, the fifth ground being for inadequacy of the verdict and the sixth ground for the giving of an erroneous instruction.
The trial court in granting the motion for a new trial entered the following order:
“The foregoing cause comes on to be considered upon motion for new trial upon six (6) grounds, including the giving of an instruction at the request of the defendant and over the objections of the plaintiffs, the said instruction being identified as No. 15 for the defendant.
“At the bottom of the requested instruction the Court added the following: * * * ‘but you must first of all find by a preponderance of the evidence that such treatment as so prescribed would have alleviated the injury or effected a cure.’
“The deputy court reporter transcribed the instruction so as to make it read ‘could’ instead of ‘would’, and Mr. Hawes of counsel for the plaintiffs understood it as having been given as so transcribed as is reflected by his argument. All of this persuades the Court that there was a lapsus linguae upon its part and the instruction as given could have confused and mislead the jury.
“IT IS, THEREUPON, ORDERED AND ADJUDGED that a new trial be had herein, specifically assigning as the ground therefor, the giving of the foregoing instruction over the objections of the plaintiffs.”
The evidence showed that the plaintiff-wife had not followed the specific instructions of the doctor, particularly with regard to taking physical therapy treatments. This doctor testified:
“Q. Wouldn’t it be fair to say if she had been able to have gone to a physician that was close enough to her to where she could have received consistent therapy, in all probability, a better result would have been achieved, isn’t that a fair statement ? (Emphasis added).
“A. There is a possibility a better result may have been obtained.
⅝ * *
“A. * * * another possibility that it may not.
“A. * * * this physical therapy is no miracle cure.
“A. * * * there is no way that I or anyone else could determine whether or not the physical therapy treatments would have had any benefits whatsoever.”
The instruction given by the court and which was given by the court as the ground for the granting of a new trial, was as follows:
“I instruct you that an injured person has the duty to use ordinary care and reasonable diligence in securing medical aid and to submit to reasonable treatment and to follow the advice of a competent physician. If you find for the plaintiffs no damages may be included in your verdict which might have been cured or alleviated by submitting to treatment which a reasonably prudent person would have submitted to on the advice of a physician to improve his or her condition, but *547 you must first of all find by a preponderance of the evidence that such treatment as so prescribed could have alleviated the injury or effected a cure.” (Emphasis supplied).
The instruction requested by the defendant was identical with the instruction given, except for the word “would” in the last sentence of the instruction which the lower court omitted and used in place thereof the word “could.”
In the case of Morin v. Halpern, Fla.App.1962, 139 So.2d 495, Judge White of this court, in speaking on the review by this court of a trial court’s ruling on a motion for new trial, said:
“(1,2) The trial court’s decision on motion for a new trial is clothed with a presumption of correctness and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion. Kraus v. Osteen, Fla.App.1962, 135 So.2d 885; Leavstrom v. Muston, Fla.App.1960, 119 So.2d 315; Cloud v. Fallis, Fla.1959, 110 So.2d 669.”
In the case of Roth v. Calvert Fire Insurance Company, Fla.App.1960, 119 So.2d 49, the court said:
“(2) * * * Trial courts are allowed a very broad and liberal discretion in the matter of granting a new trial and the decision of the trial judge in doing so will seldom be reversed by an appellate court unless an abuse of discretion is shown resulting in an injustice or a violation of the law. See Pyms v. Meranda, Fla.1957, 98 So.2d 341, 343; Cloud v. Fallis, Fla.App.1958, 107 So.2d 264, 269, certiorari discharged, Fla.1959, 110 So.2d 669; 23 Fla.Jur., New Trial, § 87.”
Also, in the case of Archibald v. Wittmer, Fla.App.1960, 120 So.2d 236, this court said:
“(1,2) In granting the defendant appellee’s motion for a new trial, the trial judge ruled that the jury had been misdirected. His ruling will not be reversed unless it is clearly erroneous, Lowenthal v. Laurent, Fla.App.1958, 102 So.2d 410, 411. The burden rests upon appellants to make reversible error clearly appear, Tampa Transit Lines, Inc. v. Rodriguez, Fla.App.1958, 100 So.2d 676. In addition, a stronger showing is required to reverse an order allowing a new trial than one denying it. Blue & Gray Cab Co. v. Lowe, 143 Fla. 129, 196 So. 425.”
The instruction as given by the trial judge with the change from the word “would” to the word “could” could clearly have given the jury the wrong impression of the law and was erroneous. Under this instruction the jury could have interpreted the law given by the court in this case to mean, that if the plaintiff wife had failed to follow the instructions of her doctor, and, if there was any possibility that if she had done so, she would have been cured of her ailment, that she would not be entitled to recover for the subsequent damages she sustained by reason of such injuries.
The trial judge in sustaining the motion for new trial on the ground that his misstatement of the law had misled the jury, evidently also decided that this caused them to bring in a verdict for a lessei amount of damages than they would havt brought in otherwise.
This court is unable to say that the trial judge is guilty of an abuse of discretion in making this decision.
It is also contended by the appellant that even though this instruction might be held to be erroneous, that it was harmless error, since the court in its order did not grant the motion for a new trial on the ground that the damages were inadequate, although this was one of the grounds stated in the motion for a new trial. The order granting the motion for new trial does not indicate that the judge ruled at all on the *548 first five grounds of the motion for new trial, since they are not mentioned in the order, and since no ruling was made in the order on this ground of the motion, we will not presume that this ground was either granted or denied by the trial court. See 23 Fla.Jur., New Trial, Sec. 83, which states:
“However, a ruling by the trial court on only one of several grounds for a new trial does not inferentially overrule the others; the court’s action merely indicates that they are not considered as controlling”;
and citing State v. Ramirez, Fla.1954, 73 So.2d 218, 220.
When an erroneous instruction on the law had been given, it was within the province of the trial court to determine whether or not such erroneous instruction might reasonably have misled the jury. The Supreme Court in the case of Florida Power & Light Company v. McCollum, Fla.1962, 140 So.2d 569, stated:
“Any contradiction between the cases is, we think largely one of words, resulting from language taken out of context. A full consideration of the authorities reflects no intent to adopt an entirely subjective test as to whether a particular jury was actually misled, but instead the inquiry is whether the jury might reasonably have been misled. The requirement, in statutory langauge, is that an error must have ‘resulted in a miscarriage of justice.’ Such a miscarriage results when instructions are not only erroneous but also, as found in the instant case, reasonably calculated to confuse or mislead.”
No abuse of discretion having been shown, the order of the trial court in granting a new trial is affirmed.
Affirmed.
SMITH, C. J., and ALLEN, J., concur.