SEABOARD AIR LINE RAILWAY COMPANY, A CORPORATION, *Plaintiff in Error,* v. W. B. WESTER, *Defendant in Error.*

Division B.

Opinion Filed July 15, 1927.

Petition for Rehearing Denied October 13, 1927.

*Hitchcock & Gray,* and *Grimes & Rowe,* Attorneys for Plaintiff in Error;

*Knight, Thompson & Turner,* Attorneys for Defendant in Error.

BUFORD, J.—This was a suit for personal injury alleged to have been sustained by the defendant in error when the automobile which he was driving came in contact with a moving train being operated by the plaintiff in error. Pleas were filed as follows:

"NOW COMES the Seaboard Air Line Railway Company, a corporation, defendant in the above entitled cause, by its attorneys, KNIGHT, THOMPSON & TURNER, and BURKETT & FISH, and for plea to the plaintiff's declaration filed herein says that it is not guilty of the supposed wrongs and grievances therein alleged.

And of this it puts itself upon the country.

And for a second plea to the plaintiff's declaration filed herein, the defendant says that the plaintiff herein drove to and upon the track of the defendant company, at the place described in the declaration immediately in front of an approaching train and its presence was known by the plaintiff, or could have been known had he exercised reasonable care when the said train was so close that it could not be stopped before coming in collision with the machine in which the plaintiff was riding, and by such action on plaintiff's part he proximately contributed to the injuries alleged to have been received.

And of this it puts itself upon the country.

And for a third plea to the plaintiff's declaration filed herein, the defendant says that the plaintiff herein ought not to have or maintain his cause of action against the defendant, because after the alleged claim mentioned in the declaration accrued, and before suit was brought, plaintiff by deed released the defendant therefrom.

And of this the defendant puts itself upon the country.

And for a fourth plea to the plaintiff's declaration filed

herein, the defendant says that after the alleged claim accrued and before suit, plaintiff herein released the defendant from any and all liability connected with the said claim as described in the declaration in the following manner:

"'SEABOARD AIR LINE RAILWAY COMPANY RELEASE

FOR AND IN CONSIDERATION of the sum of Nineteen Hundred and 00/100 Dollars ($1,900.00) to be paid by the SEABOARD AIR LINE RAILWAY COMPANY, receipt of which is hereby acknowledged, and for no other consideration whatsoever, I, W. B. Wester, for myself, my heirs, executors and administrators, do hereby release and forever discharge the SEABOARD AIR LINE RAILWAY COMPANY and any and all railroads, owned, leased, operated, or controlled by it, and its successors, from all claims and causes of action of every kind and character which I now have or may hereafter have, or which my heirs, executors or administrators may hereafter have, for or by reason of all injuries and damages of whatsoever nature and the results of such injuries and damages, including the amputation of both feet at or near the ankle, injury to head, and any and all other injury, whether internal or external, known or unknown, and also any and all expense caused me account of injury to my wife Lillie Mae Wester and my child Nettie Mae Wester, and any injury which my unborn child might have sustained and the death of it in the event it resulted there-from; received by me W. B. WESTER on or about the 13th day of February, 1926, at or near Sarasota, Florida, Mrs. Lillie Mae Wester joins herein as evidence of her consent of the terms hereof.

IN WITNESS WHEREOF I have hereunto set my hand and seal this 17th day of February, 1926.

(Signed)   W. B. Wester   (Seal).<br>(Signed)   Lillie Mae Wester (Seal).

Signed, sealed and delivered
in the presence of:

Joseph Halton, M. D.

G. C. Dorman.

J. W. Wadsworth, N. P.

Notary Public for the State of Florida
at large. My Commission expires Sept. 10, 1929.' ''

And of this the defendant puts itself upon the country.

And for a fifth plea to the plaintiff's declaration filed herein, the defendant says that after the alleged cause of action accrued and before suit was brought, the plaintiff herein released the defendant from any and all liability connected with the said claim as mentioned in the declaration, and received a consideration for the claims mentioned and described in the declaration and for the consideration so received released the defendant therefrom in the following form:

'' '134255.               Draft No. B12111.

SEABOARD AIR LINE RAILWAY COMPANY

Personal Injury Claim Department,

Sarasota, Florida,<br>February 17, 1926.

At Sight Pay
to the order of.................W. B. WESTER
NINETEEN HUNDRED & 00/000...Dollars ($1,900.00)
Full and final settlement account loss of both feet, injury to head and any and all other internal or external injury, and expense incurred account injury to wife and child and any injury which might have been sustained by un-

born child, and its death which might have resulted therefrom.

Value Received and charge to account of

To Assistant Treasurer,

Portsmouth, Va.          (Signed)   G. C. Dorman,

Claim Agent.' ''

Endorsed by W. B. Wester.

And of this the defendant puts itself upon the country.''

There was no replication to either of the pleas and the case went to trial upon the issues presented by the declaration and the pleas thereto.

The verdict was in favor of the defendant.

Motion for a new trial was presented and granted.

From the order granting a new trial writ of error was taken. From a careful consideration of the record and the evidence applicable to the issues, we are unable to find wherein any error occurred to the injury of the plaintiff in the court below in trial of this cause and we are also unable to find wherein the plaintiff in the court below should be benefited by a new trial in this cause.

The verdict of the jury is amply supported by the record and although we are mindful of the rule which has often been stated by this Court, that the trial court should be allowed a liberal discretion in granting or refusing a new trial and that a motion for a new trial is addressed to the sound discretion of the Court and that trial courts have much more latitude of discretion in granting new trials on the evidence than have appellate courts, we think it is the duty of this Court to reverse an order granting a new trial when it appears from the record that no other verdict than that which was rendered could have been properly rendered under the pleadings and the facts as disclosed by the evidence. The pleas of the defendant in the court below setting up release by the plaintiff were fully sustained by

the proof submitted. See Fla. East Coast Ry. Co. v. Thompson, decided at this term of the Court and reported in 111 Sou. 525.

The finding for the defendant was in accordance with the law applicable to the facts, and it was error to grant a new trial.

The order granting a new trial is reversed, and the cause is remanded, with directions to the Circuit Court to enter final judgment for the defendant, unless a motion in arrest of judgment or for judgment *non obstante vere dicto* shall be made to prevail. See Sec. 2905, Revised General Statutes 1920; Winn v. Coggins, 42 Sou. 897, 53 Fla. 327, text 328; Phillips v. Lowenstein, 107 Sou. 350. See also Suttles v. Burbridge, 91 Fla. 273, 107 Sou. 646.

It is so ordered.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND BROWN, J. J., concur in the opinion.