### HOMER LANGFORD v. STATE.

168 So. 528.

Division B.

Opinion Filed May 28, 1936.

*Thos. D. Beasley,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for the State.

PER CURIAM.—The writ of error brings for review a judgment of conviction of the statutory offense denounced by

Sections 5407 R. G. S., 7550 C. G. L., when committed by a man and a woman not married to one another.

The information charged the offense substantially in the language of the state and was sufficient. The statute denounces two kinds of acts. One is that of a man and a woman not being married to each other lewdly and lasciviously associating and cohabiting together. This unlawful act occurs when a man and a woman not being married to each other live together after the manner of husband and wife insofar as sexual relations are concerned. They do not have to hold themselves out as husband and wife, but if they live together in a house occupying generally the same bed at night and frequently engaging in sexual intercourse while occupying such bed together, the offense is committed. That is the offense which was charged in the information. The evidence was sufficient to sustain the verdict.

The other offense denounced by this Section is *open* lewd and lascivious conduct and may be committed by husband and wife as well as persons of the opposite sex or same sex, whether married or unmarried to each other, or it may be committed by either a man or woman alone, but so openly as to be offensive. We are not concerned here with this offense.

There was no error in refusing to give charges 1, 2 and 3 asked by the defendant because insofar as those requested charges correctly stated the law they had been covered by the Court's general charge.

No reversible error being made to appear, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

430

WHITFIELD, C. J., concurs in the opinion and judgment. BROWN and DAVIS, J. J., dissent.

DAVIS, J. (dissenting).—The weakness of the State's proof of the essential element of *unlawful* cohabitation and association charged, in my judgment rendered the refusal of defendant's requested charge No. 1 harmful error, as that charge emphasized, as it was designed to do, the real issue in the trial, and therefore defendant should not have been denied the benefit of a specific charge on the subject covered by it, in view of the nature of the defendant's defense of the propriety of his conduct under the circumstances existing in his family.

BROWN, J. (dissenting).—I do not think the evidence in this case was sufficient to prove the offense denounced by this Statute as construed by the previous decisions of this Court, or by the trial judge in his general charge, which I think followed our previous decisions.