MOTOR TRANSIT COMPANY v. FANNIE STUDSTILL, *et vir.*

176 So. 769.

En Banc.

Opinion Filed November 2, 1937.

*Doggett, McCollum, Howell & Doggett,* for Plaintiff in Error;

*Clifford T. Inglis* and *William A. Hallowes, III,* for Defendant in Error.

ELLIS, C. J.—On or about the 26th day of April, 1934, Fanny Studstill was a passenger on a street car operated by the Motor Transit Company in the City of Jacksonville. The car was proceeding eastward on Bay Street when, approaching the loading platform at the corner of Bay and Hogan Streets, its progress was momentarily stopped by the traffic light ahead and automobiles between the street car and the intersection of the two streets. Mrs. Studstill arose from her seat in the car and walked to the front platform of the car, the level of which was some ten or twelve inches below the level of the car's floor, and stood there awaiting the movement of the car forward to the point where she might leave the car through its front door and alight upon the so-called loading platform, or zone, at or near the intersection of the two streets.

The operator of the car caused the car to move forward toward the appropriate place for loading and unloading passengers and at that movement of the car Mrs. Studstill fell backward into the aisle of the car and sustained painful injuries among which were a broken arm and bruises of the body.

Four months later, on the 25th of August, 1934, Mrs. Studstill, joined by her husband, brought an action against the Motor Transit Company for damages for personal injuries.

The declaration contained two counts: one alleging the negligence of the Company to consist in the violent and

sudden starting of the car without warning, thus throwing her to the floor, producing the injury of which she com- plained; the second count alleged the negligence of the Company to have consisted in causing the street car to sud- denly and violently stop, which caused her to be thrown to the floor, producing the injuries of which she complained.

The parties went to trial on the plea of not guilty. There was a verdict for the defendant Company. The plaintiff moved for a new trial and the defendant took a writ of error to the order granting a new trial.

There is no evidence in the record in support of the sec- ond count of the declaration, and the question of fact upon which the decision of the jury turned was whether the car, after stopping at or near the loading zone or platform be- cause of the traffic regulations and automobiles between it and the intersection of the streets, was suddenly and vio- lently and without warning caused to be moved forward to the appropriate place for the exit of passengers from the car.

The court's order granting a new trial does not recite the ground upon which the order was made.

The evidence in the case amply justified the verdict of the jury, which evidently believed that all ordinary and reason- able care was exercised by the defendant company in mov- ing the car forward from where it had temporarily stopped to a suitable place for the departure of passengers. A. C. L. R. R. Co. v. Watkins, 97 Fla. 350, 121 South. Rep. 95; S. A. L. Ry. Co. v. Watson, 103 Fla. 477, 137 South. Rep. 719.

The presumption of negligence which the statute raises against the defendant in such cases, where a passenger on a train or street car if injured, being removed by the evidence of the defendant that it used all ordinary and reasonable care

in the circumstances, there was nothing left in the plaintiff's case to fasten upon the defendant any negligent act upon its part proximately causing the injury of which she complained.

The only questions to be considered by this Court are those involved in the order granting a new trial and the doctrine is established in this State that "a strong showing is required to reverse" such an order. See Phillips v. Garrett, 109 Florida 435, 147 South. Rep. 857; Gulf Coast Title Co. v. Walters, 125 Fla. 427, 170 South. Rep. 130; Miami Transit Co. v. Mowrey, 103 Fla. 840, 138 South. Rep. 481.

The rule obtains in this State that where an order granting a new trial upon a motion which contains several grounds without stating in the order upon what ground the motion was granted the appellate court will assume it was granted upon the ground stated in the motion which justified the order. See G. Lloyd Preacher & Co. v. Sarasota Bay Hotel Co., 112 Fla. 432, 150 South. Rep. 590.

The doctrine also obtains in this State that there is a presumption of correctness in favor of an order by the trial court granting a new trial, but where the evidence requires the finding to be made which was made and a judgment upon such finding would be in accordance with law and the requirements of substantial justice in the cause, or where some set principle of law has been violated by the trial court in granting a new trial the appellate court will reverse such an order. Lockhart v. Butt-Landstreet, 91 Fla. 497, 107 South. Rep. 641; Phillips v. Lowenstein, 91 Fla. 89, 107 South. Rep. 350; S. A. L. Ry Co. v. Wester, 94 Fla. 259, 114 South. Rep. 242; Wilhelm v. South Indian River Co., 98 Fla. 970, 124 South. Rep. 729; Vining v. American Bakeries Co., 118 Fla. 572, 159 South. Rep. 670.

The evidence in this case as disclosed by the record in

law required the finding to be as made and that a judgment upon such finding would be in accord with law and the requirements of justice.

Referring to the motion for a new trial in this case, it appears to have rested upon three propositions: first that the verdict was contrary to the evidence, and second that the court erred in giving certain instructions, and third in refusing to give certain instructions requested by the plaintiff.

It is argued that the court erred in refusing instructions requested by the plaintiff which were numbered 4 and 5 and involved the doctrine requiring the defendant Company "to exercise the highest degree of care and skill in conveying the plaintiff to her destination which the means of conveyance employed and the circumstances of the case would reasonably permit, which it is alleged proximately caused her injury.

The general charge given by the court sufficiently covered the doctrine above announced. It was therefore not error on the part of the court to refuse to reiterate that doctrine at the request of the plaintiff as made in the 4th and 5th requested instructions. See So. Express Co. v. VanMeter, 17 Fla. 783, 35 Am. Rep. 107; Langford v. State, 124 Fla. 428, 168 South. Rep. 528; Halfrick v. State, 122 Fla. 375, 165 South. Rep. 285.

The principle involved in the requested 5th charge as made by the plaintiff that the unnecessary jerking of a train or street car while a passenger is rightfully alighting is negligence is not applicable to the evidence in this case because there is no evidence that the plaintiff was in this case alighting from the car at the time of the alleged accident. The requested instruction therefore was misleading and assumed

that the plaintiff was in the act of alighting from the car, which was not the case.

The instructions which were requested by the defendant and given by the court, which are excepted to by the defendant in error as erroneous, we have carefully examined and discover in them no incorrect principle of law.

The order granting a new trial is reversed, and the cause is remanded with directions to enter a final judgment for the defendant on the verdict, unless a motion in arrest of judgment or for judgment *non obstante veredicto* shall be made and prevail.

Reversed.

WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.