DREW, Justice.
In City of Miami v. Huttoe, Fla., 40 So. 2d 899, 901, we reversed a judgment entered by the trial court awarding attorney’s fees to Huttoe, appellee, for the reasons, as stated in the opinion (text page 901), “we think appellant was entitled to have the case submitted to a jury on this point alone to determine what amount under all the circumstances would be reasonable.” The opinion above concluded with these words:
“ * * * For this purpose and no other the cause is reversed with directions to submit the issue of what constitutes a reasonable attorney’s fee under the circumstances recited and the issues made, the amount of the verdict so awarded will limit the amount that appellee may recover from appellant.”
At the trial in the lower court the attorneys representing the appellee testified as to the nature and extent of their services, and further testified what, in their opinion, would be a reasonable fee. One of the attorneys employed by appellee testified that a fee of $5,000 would be reasonable and the other that a fee of “substantially more than $7500.00” would be reasonable. A disinterested lawyer called by plaintiffs testified a fee of $10,000 would be reasonable. The appellants presented three lawyers, two of whom testified that $2,500 would be a reasonable fee and the other that $2,000 would be reasonable. On this evidence the jury returned a verdict in favor of the plaintiff Huttoe for $2,500.
The lower court set this verdict aside and awarded a new trial, assigning as reasons therefor the following:
“(2) The verdict is contrary to the evidence.”
“(4) The verdict is so contrary to the law as to indicate misinterpretation and mistake on the part of the Jury.
“(5) The verdict is against the manifest weight of the evidence.
“(6) The evidence of the defendant was insufficient both in quantity and quality for the Court to have submitted the same to the Jury for determination.”
“It is apparent to ,the Court that the jury totally failed to understand the elements to be taken into consideration for fixing the amount of attorney’s fees for services rendered by the attorney in prosecuting an appeal to the Supreme Court of Florida.”
The City of Miami has appealed from this latter order.
An examination of the record in this cause reveals that this cause was ably presented to the jury by skilled lawyers and that the jury had before it every element essential to the determination of' the narrow issue presented to it. There was ample, competent evidence in the record to support the verdict. Two qualified witnesses testified without objection from anybody that a reasonable fee was $2,500 and the jury believed them as they had every right to do. It is a simple invasion of the basic province of the jury for the court, under the circumstances shown by the record, to set aside the verdict rendered. The only reason for awarding a new trial would he to have one more jury pass on the question. This is not a sufficient reason. Seaver v. Stratton, 133 Fla. 183, 183 So. 335; Motor Transit *228 Co. v. Studstill, 129 Fla. 769, 176 So. 769, and many other cases.
The order granting a new trial is vacated and set aside with directions to enter a judgment on the verdict rendered.
Reversed.
ROBERTS, C. J., MATHEWS, J., and PARKS, Associate Justice, concur.