SCHEB, Chief Judge.
Town and Country Hospital, Inc. (Town & Country) sued United States Life Insurance Company in the City of New York (U.S. Life), claiming that U.S. Life breached its loan commitment contract. The jury returned a verdict for U.S. Life and Town & Country moved for a new trial. The trial court concluded that its failure to give one of Town & Country’s requested jury instructions on waiver was prejudicial error, and granted a new trial. We reverse.
Town & Country obtained a six million dollar construction loan commitment to finance construction of a hospital. The commitment conditioned closing of the construction loan on Town & Country’s obtaining a satisfactory commitment for permanent financing. U.S. Life subsequently offered Town & Country a permanent loan commitment. When Town & Country executed the commitment documents, it attached a letter amendment requiring U.S. Life’s commitment to be satisfactory to the construction lender. If not, the amendment required U.S. Life to return the $60,000 Town & Country had paid as the initial portion of the commitment fee. On October 11, 1973, U.S. Life executed both the commitment and the letter amendment, and the commitment became valid for six months.
U.S. Life’s permanent loan commitment required Town & County to obtain a building permit within sixty days of the date of the commitment and to complete the footings and foundation of the hospital within six months. Town & Country, however, did not meet these deadlines. In the meantime a new lender assumed Town & Country’s original construction lender’s obligations. On April 25, 1974, fourteen days after the termination of U.S. Life’s commitment, Town & Country requested U.S. Life to waive these two existing defaults and to make a number of modifications in the commitment to satisfy the demands of Town & Country’s new construction lender. U.S. Life notified Town & Country on May 24 that it would consider making some of the modifications. It refused, however, to waive the defaults at that time. As a consequence Town & Country’s construction lender refused to close the construction loan and, on August 6, Town & Country demanded the return of its $60,000. U.S. Life refused to return the money and Town & Country sued for breach of contract.
At trial Town & Country introduced evidence of written and verbal contacts between it and U.S. Life. This evidence indicated that Town & Country and U.S. Life had discussed whether U.S. Life would extend its commitment, modify portions of the commitment, and waive the defaults as to the time requirements for Town & Country’s obtaining a building permit and completing the footings and foundation of the hospital. Therefore, there was a sufficient predicate requiring the court to instruct the jury on the issue of waiver as related to these defaults.
U.S. Life requested two instructions on waiver:
Number 6
When a party to a contract has failed to perform some act required by the contract, and the second party to the contract, by its acts and conduct, treats the contract as continuing, the second party can neither refuse to continue its own performance under the contract or raise the failure of the first party to perform as a defense.
Number 12
I instruct you that in an action for breach of contract containing no provision making time of the essence for performance, it may become of the essence if the party not in default gives notice that performance shall be required within a reasonable time. The failure to perform on time pursuant to the terms of the contract may be waived if neither party *73 has treated time as being of the essence in their dealings with respect to the contract.
The trial court gave number 12, but did not give number 6. The jury then returned a verdict for U.S. Life.
Subsequently, Town & Country moved for a new trial. The trial court granted the motion because it concluded that, by not giving requested instruction 6, it had failed to adequately instruct on the issue of waiver as to the two defaults.
U.S. Life filed this appeal contending that there was no evidence to justify any instruction on waiver. But, it argues, assuming that there was sufficient evidence, instruction number 12 adequately covered the only aspect of waiver which could have been involved here. We agree with U.S. Life’s latter contention.
Evidence on the issue of waiver centered on Town & Country’s defaults in not timely obtaining the building permit and completing the footings and foundation. U.S. Life points out that its loan obligation under its commitment expired on April 11, 1974. Contacts with Town & Country after April 11, it argues, were simply good faith actions on its part to give Town & Country an opportunity to revive the commitment. The evidence on waiver included letters exchanged by the parties after April 11, which referred to U.S. Life’s waiving Town & Country’s time defaults. For example, on May 24, 1974, house counsel for U.S. Life responded to a letter from Town & Country regarding waiver of the defaults. Counsel’s letter stated:
(d) As this particular point, we are not prepared to waive this default [the failure to timely obtain a building permit].

(g) However, at this time, we are not prepared to waive the default under the “Construction and Completion of Improvements” [referring to default in failure to timely complete the footings and foundation].
Obtaining a building permit and completing the footings and foundation were conditions to be met by Town & Country before U.S. Life was obligated to close the permanent loan. Town & Country defaulted when it failed to timely perform these acts. Consequently, it was essential that the court adequately instruct the jury on the issue of U.S. Life’s alleged waiver of these defaults.
We think that in giving requested instruction 12, the court adequately covered this issue. The language of the instruction sufficiently embraced Town & Country’s contention that U.S. Life had waived its failure to timely perform the conditions of the commitment by not treating time as being of the essence. While the court could also have given instruction 6, its failure to do so was not error since instruction 12 adequately covered the subject. Black v. Heininger, 163 So.2d 3 (Fla. 2d DCA 1964).
Nevertheless, Town & Country seeks to sustain the trial court’s grant of a new trial on the authority of Cloud v. Fallis, 110 So.2d 669 (Fla.1959), and Castlewood International Corp. v. La Fleur, 322 So.2d 520 (Fla.1975). In Cloud the supreme court held that a trial court’s discretion to grant a new trial is “of such firmness that it would not be disturbed except on clear showing of abuse . . . 110 So.2d at 672. Cloud, however, concerns the grant of a new trial when the verdict fails to comport with the manifest weight of the evidence and holds that in such an instance, the trial court has broad discretion. Here, the question concerns not the weight of the evidence but whether the trial court committed an error of law in failing to give instruction number 6. Consequently, Cloud does not control this appeal. As stated in City of Hollywood v. Jarksey, “Where it is apparent from the grounds stated in granting a new trial that the trial judge is acting under an erroneous legal assumption, then it is not a question of discretion but a question of the legal sufficiency of the ground or reason given.” 343 So.2d 886, 887-88 (Fla. 4th DCA 1977); accord, Motor Transit Co. v. Studstill, 129 Fla. 769, 176 So. 769 (1947). In Castlewood, 322 So.2d at 520, the trial court had concluded that the jury had been confused by *74 its having given an unnecessary instruction and the court exercised its discretion by awarding a new trial. The Third District Court of Appeal reversed stating that it did not believe the jury was confused. The supreme court quashed the Third District’s decision. There, the trial court was in a better position to determine whether the jury was confused than the Third District. The present case, however, does not present a question of jury confusion by the giving of an unnecessary instruction. Rather, it presents the question of law of whether the instruction given adequately covered the issue of waiver. Since appellate courts may properly review decisions of law made by trial courts, Castlewood is distinguishable and, like Cloud, is not controlling in this appeal.
Our disposition of this appeal precludes the need to dispose of the other points raised by U.S. Life. Finally, we have examined the points raised by Town & Country in its cross-appeal, and find them to be without merit.
Accordingly, we vacate the order of the trial court granting a new trial, reinstate the jury verdict, and remand for further proceedings consistent with this opinion.
HOBSON and GRIMES, JJ., concur.