BASKIN, Judge.
We approved the trial court’s finding that real estate broker J. Bruce Vining failed to inform Harold and Maude Smith of certain material facts pertaining to his sale of their property[1] when we affirmed a summary judgment against Vining on the issue of his liability to the Smiths for the fraudulent secret profit he obtained. Vining v. Smith, 343 So.2d 871 (Fla.3d DCA 1977), cert. denied, 355 So.2d 518 (Fla.1978). On remand, trial resulted in a jury award to the Smiths of compensatory damages totaling $154,000 and punitive damages of $77,000. In response to a motion filed by Vining, the court granted a new trial predicated upon its belief that the jury failed to consider Vining’s expenses in determining compensatory damages and failed to consider Vin-ing’s financial resources in computing punitive damages. We reverse because our examination of the record discloses no impropriety on the part of the jury. Putnam Lumber Co. v. Berry, 146 Fla. 595, 2 So.2d 133 (1941).
The jury was empowered to evaluate the evidence and appears to have complied with the court’s instructions. An order granting a new trial is appropriate only when the verdict is against the manifest, weight of the evidence or when it is influenced by considerations outside the record. Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978); Cloud v. Fallís, 110 So.2d 669 (Fla.1959); see Thompson v. Williams, 253 So.2d 897 (Fla.3d DCA 1971). Neither defect appears in this record.
We reject as incorrect the court’s explanation that because punitive damages were half the amount of compensatory damages a new trial on punitive damages became necessary when the court granted a new trial on compensatory damages.[2] Although punitive damages must bear a relationship to the fact of injury or invasion of legal right, they need not bear a reasonable relationship to the actual damages awarded by the jury. Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1976). The degree of punishment to be imposed is a matter for jury decision and punitive damages will be held excessive only when they bear no relation to the amount a defendant is able to pay and when the tort lacks the required degree of malice or disregard for rights.[3]
Although Vining did not produce a statement of net worth, the jury heard testimony regarding his ownership of property and of assets from which it could determine his ability to pay. Bould v. Touchette, 349 So.2d 1181 (Fla.1977); Rinaldi v. Aaron, 314 So.2d 762 (Fla.1975); Atlas Properties, Inc. v. Didich, 226 So.2d 684 (Fla.1969). Con *1050 trary to the trial court’s statement, the verdict was not against the manifest weight of the evidence. Cloud v. Fallis, supra. In our opinion, the trial court acted under an erroneous legal assumption in ordering a new trial. United States Life Insurance Company in the City of New York v. Town & Country Hospital, Inc., 390 So.2d 71 (Fla.2d DCA 1980); City of Hollywood v. Jarkesy, 343 So.2d 886 (Fla. 4th DCA 1977); National Western Life Insurance Co. v. Walters, 216 So.2d 485 (Fla.3d DCA 1968).
We find no material error in the procedure utilized to reconstruct the record following the removal from the clerk of the original exhibits introduced at trial. Harmon v. Department of Health & Rehabilitative Services, 364 So.2d 788 (Fla. 1st DCA 1978).
For these reasons, we reverse the order granting a new trial and remand the cause to the trial court with directions to reinstate the jury’s verdict and enter judgment with interest from the original entry date of the judgment. The Order Correcting and Supplementing the Record on Appeal is affirmed.

. J. Bruce Vining failed to inform the Smiths that the State of Florida was interested in the property, that its value had increased, and that Vining was the actual purchaser of the property.

. In Wackenhut Corp. v. Canty, supra, the court acknowledged that in Lassitter v. International Union of Operating Engineers, 349 So.2d 622 (Fla.1976), it had repudiated the requirement that punitive damages bear a reasonable relationship to compensatory damages.

.Wackenhut Corp. v. Canty, supra, citing Maiborne v. Kuntz, 56 So.2d 720 (Fla.1952) and Zippy Mart, Inc. v. Mercer, 244 So.2d 522 (Fla. 1st DCA 1970).