PER CURIAM.
Defendant broker, Premiere Properties, Inc., appeals the trial court’s order granting the plaintiff broker’s, Landmark Realty’s, motion for a new trial on damages in an action to recover a real estate commission. We reverse the order granting a new trial on damages.
Landmark claimed that it had obtained an exclusive listing to sell an office site called Grove Park, and A1 Arostegui, who was a real estate agent with Premiere, had a client named Michael Goldberg who was interested in purchasing commercial property. Landmark and Arostegui entered into a co-brokerage agreement which provided for a 50/50 split of any commission earned on the sale of Grove Park, and listed Arostegui as the selling broker, and Landmark as the listing broker.
Thereafter, Mary Ann Andrews, another broker at Premiere, independently obtained a listing to sell the Grove Park property. She met with Goldberg and walked him through the Grove Park property. Goldberg purchased the property and the real estate broker’s commission was set at $100,000. Arostegui received $50,000 as the selling broker, and Andrews and her co-listing agent received the remaining $50,000. Landmark eventually brought suit against both Grove Park and Premiere. The sole count relative to Premiere was for breach of contract for $50,000, one-half of the commission earned.
The jury awarded Landmark $25,000 finding that Landmark procured the sale, Premiere acted as an agent of Landmark in negotiating the commission with the seller, Arostegui had acted as the agent of Premiere when he signed the co-brokerage contract with Landmark, and that Premiere breached the co-brokerage agreement with Landmark. The trial judge granted Landmark’s motion for new trial on the damages issue stating that: “the only possible award of damages would be $50,000, the bargained for co-brokerage agreement.”
It is error for a trial judge to set aside a verdict and grant a new trial unless the verdict is against the manifest weight of the evidence, or the trial judge determines that the jury was influenced by considerations outside the record. Laskey v. Smith, 239 So.2d 13 (Fla.1970); Labruzzo v. Atlantic Dredging & Construction Co., 73 So.2d 228 (Fla.1954); Smith v. Vining, 407 So.2d 1048 (Fla.1981).
Our inquiry, in reviewing the trial judge’s act in granting the motion for new trial, is limited to a determination of the reasonableness of the judge’s findings. Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d 145, 146 (Fla.1980); Salazar v. Santos (Harry) & Co., Inc., 537 So.2d 1048, 1050 (Fla. 3d DCA 1989); Scandinavian World Cruises (Bahamas), Ltd. v. Cronin, 509 So.2d 1277, 1279 (Fla. 3d DCA 1987); Roberto v. Allstate Insurance Co., 457 So.2d 1148, 1150 (Fla. 3d DCA 1984). As the Florida supreme court stated in Baptist Memorial Hospital, Inc. v. Bell, 384 So.2d at 146:
The discretionary power to grant or deny a motion for new trial is given to the trial judge because of his direct and superior vantage point.
[[Image here]]
*441 In reviewing this type of discretionary act of the trial court, the appellate court should apply the reasonableness test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of abuse of discretion.... [T]he ruling should not be disturbed in the absence of a clear showing that [the judge’s discretion] has been abused....
The trial judge’s decision to grant Landmark’s motion for new trial was based upon the conclusion that the jury’s award of damages was inconsistent with its liability verdict. However, we find no impropriety on the part of the jury in its award. As presented to the jury, the issue of damages was controverted and unliquidated. The issue of damages was sent to the jury without objection or limitation. Neither the jury instructions read to the jury by the judge nor the written instructions appearing on the interrogatory verdict form advised the jury that, if Premiere were found to be liable and the co-defendant Grove Park were to be absolved of liability, then Premiere’s damages liability would have to be fixed in the amount of $50,000. Any perceived error below was clearly the result of Landmark failing to have the jury instructed that, under a particular set of circumstances (liability found on the part of Premiere but not on the part of Grove Park), the damages award must then be a particular amount (the full $50,000). The jury did not err in its verdict, and the award was not inconsistent in light of the fact that no parameters or requirements were placed upon the jury with regard to the amount of that verdict. It follows then, that reasonable men could not differ that the trial judge’s order granting the new trial was incorrect.
Accordingly, we reverse the order appealed because the trial court abused its discretion in granting a new trial.
Reversed.